UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| COTTON PATCH CAFE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. MJG-09-cv-3242 |
| | ) | |
| MICROS SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF COTTON PATCH CAFE, INC.'S SUR-REPLY IN OPPOSITION TO MICROS' MOTION IN LIMINE TO LIMIT TESTIMONY OF ROGER NEBEL**

Cotton Patch submits this sur-reply to clarify that Roger Nebel's testimony about the presence of malware on the Nacogdoches POS system server at the time the server was installed by Micros is relevant to Cotton Patch's common law fraud claim *and* its claim under the Texas Deceptive Trade Practices Act ("DTPA").[1] Micros argues that Roger Nebel's testimony is not relevant to Cotton Patch's fraud by nondisclosure claim because Cotton Patch has not marshaled evidence that Micros was aware of the malware infection at the time of installation. *See* ECF 189 (Micros' Reply Brief) at 23. Whether Micros was aware of the malware infection is a fact issue for the jury. *See* ECF 179-1 (Cotton Patch's Response Brief) at 13. Moreover, knowledge or intent are not elements of Cotton Patch's claim under several sections of the Texas DTPA. Accordingly, Nebel's testimony is relevant to that DTPA claim *regardless* of whether Cotton Patch marshals evidence that Micros was aware of the malware infection.

---

[1] Micros argued in its Motion in Limine, ECF 160 at 20, that Nebel's testimony about the malware was not relevant because there is no breach of contract claim and Cotton Patch's negligence claim had been dismissed. In its Response, ECF 178-1 at 13, Cotton Patch argued that Nebel's testimony was relevant to its fraud by nondisclosure claim, but inadvertently omitted discussion of its DTPA claim. In its Reply, ECF 189 at 23, Micros argued for the first time that Nebel's testimony is not relevant because Cotton Patch has not marshaled evidence showing that Micros was aware of the malware.

"[M]isrepresentations which do not necessarily constitute common law fraud may be actionable under the DTPA." *Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 724 (Tex. 1990). Unlike a common law fraud claim, a claim brought under the Texas DTPA generally does not require proof that the defendant knew that an alleged misrepresentation was false at the time it was made. *See Pennington v. Singleton*, 606 S.W.2d 682, 689 (Tex. 1980) (noting that only four of the DTPA "laundry list" violations require proof of intent or knowledge before a violation is found). "Knowledge or intent is required only if called for by the language of the implicated [DTPA] violation." *Id.* Cotton Patch alleges several violations of the DTPA, including section 17.46(b)(2), (3), (5), (7), and (22). ECF 57 (2d Am. Compl.) at ¶¶ 17–18. Cotton Patch is not required to establish that Micros knew or was aware that its representations were false to establish a violation of these subsections. *See, e.g., Eagle Props., Ltd.*, 807 S.W.2d at 724 (noting that a defendant may be held liable for deceptive acts described in section 17.46(b)(5) and (7) even if the defendant did not know the representations were false or intend to deceive anyone).

Regardless of whether Micros was aware of the presence of malware on the Nacogdoches POS system server, Nebel's testimony regarding the presence of malware on that server is relevant to Cotton Patch's DTPA claim based on several subsections which do not require proof of knowledge or intent. Because Micros has not challenged Nebel's qualifications to give this expert testimony, Micros concedes that he is qualified to do so, and his testimony should not be excluded.

Dated: June 25, 2013   Respectfully submitted,


/s/ Ryan L. Bangert
Craig D. Roswell
Federal Bar No. 433406
**Niles, Barton & Wilmer, LLP**
111 South Calvert Street, Suite 1400
Baltimore, Maryland  21202
cdroswell@nilesbarton.com
Telephone:   410.783.6341
Facsimile:   410.783.6486

Robert N. LeMay
*Admitted Pro Hac Vice*
**Kane Russell Coleman & Logan, P.C.**
1601 Elm Street, Suite 3700
Dallas, Texas  75201
rlemay@krcl.com
Telephone:   214.777.4200
Facsimile:   214.777.4299

AND

Ryan L. Bangert
*Admitted Pro Hac Vice*
**Baker Botts L.L.P.**
2001 Ross Avenue, Suite 600
Dallas, Texas  75201
ryan.bangert@bakerbotts.com
Telephone:   214.953.6621
Facsimile:   214.661.4621

**ATTORNEYS FOR PLAINTIFF
COTTON PATCH CAFÉ, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of June, 2013, a true and correct copy of the foregoing Sur-Reply in Opposition to Micros' Motion to Limit Testimony of Roger Nebel was served via the Court's ECF system on the following:

Steven A. Allen
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 400
Towson, Maryland  21204
*Attorney for the Defendant*

/s/ Ryan L. Bangert
Ryan L. Bangert (*pro hac vice*)
Baker Botts L.L.P.
2001 Ross Avenue, Suite 600
Dallas, TX  75201
214.953.6500
ryan.bangert@bakerbotts.com

ATTORNEY FOR PLAINTIFF
COTTON PATCH CAFÉ, INC.