IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

COTTON PATCH CAFÉ, INC.          *

      Plaintiff          *

        vs.                     *   CIVIL ACTION NO. MJG-09-3242

MICROS SYSTEMS, INC.             *

      Defendant          *

*          *          *          *          *          *          *          *          *

<u>FIRST ORDER RE: PRETRIAL MOTIONS</u>

The Court has before it the pretrial motions discussed herein and the materials submitted by the parties relating thereto. The Court has held a hearing and has had the benefit of the arguments of counsel.

For reasons stated on the record of proceedings held July 9, 2013, as may be supplemented herein:

1. Cotton Patch Café, Inc.'s Motion in Limine [Document 158] is GRANTED IN PART.

    - Non-party Issue – Micros is not prohibited from referring to the 2 or 3 entities partly owned by Cotton Patch that made purchases from Micros. However, these purchases will not be considered in connection with the "related transaction" issue.  Moreover, at such time as a party may request, the Court will provide a limiting instruction related to these partly-owned non-party entities.

    - Contractual Provisions, Service Contracts, Legal Notices – Micros shall not contend at trial that any contractual provision, lack of service

contract or legal notice barred Cotton Patch's
claims as a matter of law.  Micros may, however,
contend that these items considered with evidence
of Cotton Patch's action or inaction will
establish, as a factual matter, that Cotton Patch
should not prevail on its claims.

- Notice of Noncompliance – Micros will not present
  evidence or contend that it gave Cotton Patch
  notice that the system at issue was noncompliant.
  Micros is not foreclosed from taking the position
  that the responsibility for compliance was Cotton
  Patch's and/or that the system was, in fact,
  compliant.

- Security audit – Micros will not present evidence
  that it told Cotton Patch to perform a "security
  audit" but can present evidence to the effect
  that it told Cotton patch to do what is necessary
  for security without using those words.

- Training - Micros is not prohibited from
  presenting evidence as to what it provided to
  Cotton Patch and may contend that, as a matter of
  fact, this would constitute "instruction and
  training."  Cotton Patch may contend that what
  was provided did not, as a matter of fact,
  constitute "instruction and training."

- Privilege issue – the motion is moot as to the
  privileged matter because Micros will not offer
  the matter in issue.

2. Defendant Micros Systems Inc.'s Motion in Limine to
   Exclude Plaintiff Cotton Patch Café Inc.'s Lost
   Profits Expert Testimony [Document 159] is GRANTED IN
   PART.

- The Cedar Hill evidence will not be introduced.

- The witness shall offer no opinion as to
  causation.  Rather the witness shall state – as
  to causation - that his opinions, as an
  economist, are based upon the assumption that
  Cotton Patch will prove that the publicity of the
  identity thefts caused it, for a year from the

date of the publicity, to receive customer revenue in a lesser amount than it would have received without the publicity.  There will be a limiting instruction clarifying that the jury will decide based upon evidence of other witnesses whether, and the extent to which, it finds this causation assumption established.

3.   Defendant Micros Systems, Inc.'s Motion in Limine [Document 161] is GRANTED IN PART. As to:

- Request 5 (firewall) – the motion is withdrawn as moot as to this request.

- Request 15 (Purchases) –  Micros may present evidence – by stipulation or otherwise – establishing the purchases from Micros made by Cotton Patch wholly-owned entities that Micros contends should be included in determining whether the Texas Consumer Protection Act threshold has been met.  The evidence shall include the date, description, and price of each purchase.

- Requests 20-21 (Nonpurchases) – The motion is withdrawn as moot as to this request because Cotton Patch is not taking the position that it made the purchases in question.

4.   Defendant Micros Systems, Inc.'s Motion in Limine – Fatties Bar & Grill [Document 162] is DENIED AS MOOT.

- Plaintiff will not be presenting the evidence at issue.

5.   Exhibit Lists:

- By the close of business on this date, the parties shall advise each other which exhibits shall be shown or specifically referred to in opening so that any objections may be noted prior to jury selection.

- By the close of business on the first day of trial, any objection to an exhibit on genuineness grounds shall be made.

- On each trial day, no later than two hours prior to the close of proceedings, each party shall identify the exhibits it may intend to offer the following trial day and any objections shall be made reasonably in advance of the offer.

SO ORDERED, on <u>Friday, July 12, 2013</u>.

<u>      /s/      </u>
Marvin J. Garbis
United States District Judge
